**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| WESLEY WATSON, | CASE NO. 13cv277-WQH-DHB |
|---|---|
| Petitioner, | ORDER |
| vs. | |
| JEFFREY BEARD, Warden, and KAMALA D. HARRIS, Attorney General of the State of California, | |
| Respondents. | |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 10) issued by United States Magistrate Judge David H. Bartick, recommending that this Court deny Petitioner Wesley Watson's Petition for Writ of Habeas Corpus (ECF No. 1).

## I.     Background

On July 28, 2010, a jury in San Diego County Superior Court convicted Petitioner of robbery, burglary, assault and battery. The trial court sentenced Petitioner to nine years in state prison. On February 17, 2012, the California Court of Appeal affirmed Petitioner's conviction in a written opinion, and on May 11, 2012, the California Supreme Court summarily denied Petitioner's petition for review. (Lodgment Nos. 6, 8). On December 28, 2012, the San Diego County Superior Court denied Petitioner's petition for writ of habeas corpus. (Lodgment 10).

On February 4, 2013, Petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 in this Court. (ECF No. 1).

Petitioner asserts the following grounds for relief: (a) the "[p]rosecutor committed misconduct by (1) eliciting testimony that petitioner sold marijuana; (2) acting as a witness on behalf of the prosecution throughout the trial; and (3) vouching for the case at closing argument"; and, (b) "Petitioner's jury was instructed with CALCRIM No. 335, an instruction which impermissibly infring[es] on the reasonable doubt standard." *Id*. at 6-7.

On May 2, 2013, Respondent filed an answer to the Petition. (ECF No. 6). The docket reflects that Petitioner did not file a traverse.

On April 1, 2014, the Magistrate Judge issued the Report and Recommendation, recommending that the Petition be denied in its entirety. (ECF No. 10). The Report and Recommendation concludes: "IT IS HEREBY ORDERED no later than <u>May 1, 2014</u>, any party to this action may file written objections with the Court and serve a copy on all parties.... The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order." *Id*. at 39 (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991)).

The docket reflects that neither party filed objections to the Report and Recommendation.

## II.    Review of the Report and Recommendation

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). When a party objects to a report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). When no objections are filed, the district court need not review the report and recommendation de novo. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also* 28

1  U.S.C. § 636(b)(1).

2      Neither party objected to the Report and Recommendation, and the Court has

3  reviewed the Report and Recommendation in its entirety.   The Court finds that

4  Petitioner has failed to demonstrate that he is entitled to relief pursuant to 28 U.S.C. §

5  2254(d).  The Magistrate Judge correctly determined that the Petition should be denied.

6  The Court adopts the Report and Recommendation in its entirety.

7  **III.    Certificate of Appealability**

8      Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he

9  district court must issue or deny a certificate of appealability when it enters a final order

10  adverse to the applicant."  A certificate of appealability should be issued only where the

11  petition presents "a substantial showing of the denial of a constitutional right."   28

12  U.S.C. § 2253(c)(2).  "[A] [certificate of appealability] should issue when the prisoner

13  shows ... that jurists of reason would find it debatable whether the petition states a valid

14  claim of the denial of a constitutional right and that jurists of reason would find it

15  debatable whether the district court was correct in its procedural ruling."   *Slack v.*

16  *McDaniel*, 529 U.S. 473, 484 (2000).

17      The Court concludes that jurists of reason would not find it debatable whether

18  this Court was correct in denying the Petition.   The Court denies a certificate of

19  appealability.

20  **IV.    Conclusion**

21      IT IS HEREBY ORDERED that the Report and Recommendation is ADOPTED

22  in its entirety.  (ECF No. 10).  The Petition for Writ of Habeas Corpus is DENIED.

23  (ECF No. 1).  A certificate of appealability is DENIED.  The Clerk of the Court shall

24  close this case.

25  DATED:  July 22, 2014

26  _____

**WILLIAM Q. HAYES**

27  United States District Judge

28

- 3 -                                    13cv277-WQH-DHB